UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

United States of America,

                    Plaintiff,                          Court File No. 17-cr-94 (SRN/LIB)

        v.
                                                **REPORT AND RECOMMENDATION**
Jaysen Lane Heyer,


                    Defendant.

_____

    This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, and upon Defendant's Motion to Suppress Evidence Obtained with a Warrant, [Docket No. 22], and Defendant's Motion for <u>Franks</u> Hearing, [Docket No. 24]. The Court held a motions hearing on May 30, 2017, regarding the parties' pretrial motions.[1] At the motions hearing, the parties requested the opportunity to submit supplemental briefing, which was completed on June 6, 2017, after which the Defendant's Motion to Suppress, [Docket No. 22], and Defendant's Motion for <u>Franks</u> Hearing, [Docket No. 24], were taken under advisement by the undersigned.

    For the reasons set forth below, the Court recommends that Defendants' Motion to Suppress Evidence Obtained with a Warrant, [Docket No. 22], be **DENIED**, and Defendant's Motion for <u>Franks</u> Hearing, [Docket No. 24], be **DENIED**.

I.    **RELEVANT FACTS**

    On December 24, 2016, in a recorded statement made after being informed of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), Thomas Michael Jones told law enforcement

_____

[1] The Court addressed the parties' pretrial discovery motions by separate order. ([Docket No. 31]).

that members of the local street gang known as the "Native Mob" were trying to procure firearms. (Affidavit, [Docket No. 25], 9). Jones further informed law enforcement that Defendant, whom Jones said lived "somewhere in Squaw Lake," Minnesota, had "recently obtained a stolen 'tech 9' semi-automatic handgun and a stolen 'SKS' type assault rifle." (Id.).

Based on Jones' information, law enforcement began looking for Defendant in order to speak with him. (Id.). It came to light that Defendant was on felony supervised release; his criminal history included second-degree assault and additional other felony offenses, and Defendant was prohibited from possessing a firearm. (Id.). Law enforcement also learned the address in Itasca County at which Defendant lived which was near Squaw Lake; Defendant's residence had a sign on the door that said "Bear Den." (Id.).

On December 28, 2016, law enforcement located Defendant at a residence close to his own residence and spoke with him. (Id.). Defendant initially denied that he lived at the "Bear Den," but later, he admitted that he did live there. (Id.). During the encounter, law enforcement did not see any firearms either on Defendant's person or in plain view in his vehicle. (Id.).

Defendant agreed to return to his own residence to meet there with his DOC corrections agent and other law enforcement officers. (Id.). Defendant said he would and was allowed to drive himself to his residence, but as he neared the area of his residence, Defendant instead drove away from his residence and law enforcement at a high rate of speed. (Id.). Law enforcement initially pursued Defendant, using police vehicle lights and sirens, but they ultimately discontinued the pursuit due to poor weather conditions and out of a concern for public safety. (Id.). At that point, law enforcement returned to Defendant's residence to wait for Defendant's return and/or to secure a warrant to search the residence. (Id.).

Based upon an affidavit by Investigator Mark Weller relating the information set forth above, on December 28, 2016, a Minnesota state district court judge issued a warrant to search Defendant's residence for firearms, ammunition, and evidence of residency by Defendant. (Id. at 7-14). The ensuing search of the residence revealed firearms, ammunition, methamphetamine, and methamphetamine smoking paraphernalia. (Id. at 15; Govt's Ex. 2, p. 4).[2]

The Government subsequently indicted Defendant on one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

## II.    DEFENDANT'S MOTION FOR HEARING PURSUANT TO FRANKS V. DELAWARE, [Docket No. 24]

Defendant moves the Court to hold a Franks hearing so that he may challenge the affidavit supporting the initial state court search warrant for Defendant's residence on the ground that information regarding Jones' criminal history was recklessly omitted thus invalidating the state district court judge's finding that the affidavit provided sufficient probable cause. (Mem. in Supp., [Docket No. 25], 1, 3-5; Second Mem. in Supp., [Docket No. 36], 1-2).

### A.  Standard of Review

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. "Probable cause 'exists when "there is a fair probability that contraband or evidence of a crime

---

[2] Based upon these items, law enforcement sought and obtained a second warrant, which is not presently challenged by Defendant, to search Defendant's residence for methamphetamine, associated paraphernalia, chemical precursors, money, products, and equipment. (Id.).

will be found in a particular place."'" United States v. Scott, 610 F.3d 1009, 1013 (8th Cir. 2010).

In Franks v. Delaware, 438 U.S. 154 (1978), the United States Supreme Court held that, under certain circumstances, "a facially sufficient affidavit [in support of a search warrant] may be challenged on the ground that it used deliberately or recklessly false statements to demonstrate probable cause." United States v. Smith, 581 F.3d 692, 695 (8th Cir. 2009). "There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant." United States v. Williams, 669 F.3d 903, 905 (8th Cir. 2012).

"To warrant a hearing on the ground that material information was omitted from a warrant affidavit, defendant must make a 'substantial preliminary showing' of deliberate falsehood or reckless disregard for the truth." (Citation omitted.) United States v. Carnahan, 684 F.3d 732, 735 (8th Cir. 2012). The "substantial preliminary showing" requirement is not met lightly and requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements. See, United States v. Gonzalez, 781 F.3d 422, 430 (8th Cir. 2015) (citing United States v. Williams, 477 F.3d 554, 558 (8th Cir. 2007)). "Allegations of negligence or innocent mistake will not suffice to demonstrate reckless or deliberate falsehood." United States v. Snyder, 511 F.3d 813, 816 (8th Cir. 2008) (citing Franks, 438 U.S. at 171)). Moreover, although "the reckless disregard for the truth 'may be inferred from the fact that . . . information was omitted,' this inference is valid only when the defendant shows that the 'omitted material would be "clearly critical to the finding of probable cause."'" (Citations omitted). Gonzalez, 781 F.3d at 431.

### B.  Analysis

Defendant requests a <u>Franks</u> hearing based upon the omission of any specific information about Jones' criminal history from the December 28, 2016, affidavit submitted in support of the state court search warrant. (Mem. in Supp., [Docket No. 25], 2-3). Defendant has submitted to this Court documentation showing that Jones has the following prior convictions:  (1) in February 2000, for first-degree assault; (2) in April 2002, for giving a peace officer a false name; (3) for an illegal act involving alcohol while Jones was under 21 years old; (4) in May 2009, for giving a peace officer a false name; (5) for third-degree driving while impaired; (6) in July 2011, for being a prohibited person in possession of a firearm; (7) in December 2016, for giving a peace officer a false name; (8) presenting another person's driver's license or identification card as his own; and (9) in April 2017, for giving a peace officer a false name. (Exh. B, [Docket No. 25], 16, 18, 20, 22, 28, 30). Defendant argues that this information was either intentionally or recklessly omitted from the affidavit in support of the search warrant, thus rendering the application for the warrant misleading. (Mem. in Supp., [Docket No. 25], 3). Defendant further argues that the omission of Jones' criminal history left the reviewing state district court judge without any information on which to determine Jones' credibility and whether the information Jones provided was reliable. (<u>Id.</u> at 4).

The Government acknowledges that Defendant's submissions show Jones' several prior criminal convictions, but it nonetheless argues that Defendant has failed to meet the requirements to justify a <u>Franks</u> hearing. (Mem. in Opp., [Docket No. 37], 6). Specifically, the Government contends that Defendant has not shown that the affiant omitted facts either intentionally or recklessly in order to make the affidavit misleading. (<u>Id.</u>). Finally, the Government argues that

even if Jones' criminal history had been included in the affidavit in support of the search warrant, probable cause to search Defendant's residence would still have existed. (Id. at 7).

Although Defendant summarily alleges that Jones' criminal history was "either intentionally or recklessly omitted" from the affidavit in support of the search warrant, (see, Mem. in Supp., [Docket No. 25], 3), Defendant does not make specific factual allegations to support a finding that the omission of Jones' criminal history was intentionally made through deliberate falsehood. As set forth above, in order to make the "substantial preliminary showing" of deliberate falsehood or reckless disregard for the truth required to justify a Franks hearing, Defendant must offer specific allegations along with supporting documents or similarly reliable statements. See, Gonzalez, 781 F.3d at 430. Defendant has made no such specific allegations.

In addition, a review of the affidavit shows no deliberate falsehood related to Jones' criminal history. The Eighth Circuit has held that "there was no showing of deliberate falsehood" when law enforcement officers omitted an informant's criminal history from a search warrant affidavit but neither did they affirmatively state within the affidavit that the informant had no criminal history. See, United States v. Carnahan, 684 F.3d 732, 735 (8th Cir. 2012). Under such circumstances, the Eighth Circuit concluded that the district court had not erred in denying the defendant's motion for a Franks hearing. Id.  Similarly, in the case presently before this Court, there is no affirmative statement made in the affidavit in support of the search warrant to the effect that Jones had no criminal history; rather, there is simply no mention of Jones' criminal history whatsoever. Under the rationale in Carnahan, there is no showing of deliberate falsehood in this case.

Because Defendant has not shown deliberate falsehood in the warrant affidavit, in order to justify a Franks hearing, Defendant must alternatively make a substantial preliminary showing

of a reckless disregard for the truth. See, Carnahan, 684 F.3d at 735. As set forth above, "the reckless disregard for the truth 'may be inferred from the fact that . . . information was omitted,' [but] this inference is valid only when the defendant shows that the 'omitted material would be "clearly critical to the finding of probable cause."'" (Citations omitted). Gonzalez, 781 F.3d at 431. "Probable cause 'exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place."'" Scott, 610 F.3d at 1013.

First, the Court notes that although Jones' criminal history was not included or acknowledged in the affidavit in support of the state court search warrant, it is unlikely that the state district court judge did not realize that Jones had some involvement or experience with the criminal justice system. The paragraph of the affidavit which specifically mentions Jones states that Jones gave the relevant information during a "recorded mirandized [*sic*] statement." (Mem. in Supp., [Docket No. 25], 9). From this, the issuing state district court judge could easily infer that Jones was not an individual unfamiliar with the criminal justice system. As Judge Donovan W. Frank stated in United States v. Hadi al Jebory, No. 7-cr-235(1) (DWF/JSM), 2008 WL 485145, *18 (D. Minn. Feb. 15, 2008)[3]:

> Judicial officers generally are not "misled by the alleged omission of facts [that the confidential informant had a criminal record and was cooperating under a plea agreement] . . . because informants frequently have criminal records and often supply information to the government pursuant to plea arrangements. In fact, reviewing judges are well aware that "informants are often motivated 'in the

---

[3] Although there was a Franks hearing in Hadi al Jebory, the Franks hearing occurred prior to the district court's order adopting Magistrate Judge Janie S. Mayeron's Report and Recommendation on the implicated motions to suppress. Both Magistrate Judge Mayeron and Judge Frank concluded that there was no Franks violation and that the defendants' motions to suppress should be denied. See, 2008 WL 485145, at *1 & n.1, 29. Specifically, Judge Frank concluded that even if the informant's criminal history, his prior dealings with the defendant, and his cooperation agreement with the government had been included in the affidavit in support of the search warrant at issue in that case, "such information would not have affected the probable cause determination." Id. at *18.

7

hopes of obtaining leniency with respect to their own situation [but] that does not necessarily mean they are unreliable.'"

(Citations omitted). Id.

In addition, the Eighth Circuit has held: "[o]mitting that a confidential informant has a criminal record or is cooperating does not satisfy [the standard a defendant is required to meet to justify a Franks hearing] when the informant's information is partially corroborated or his general credibility is otherwise not significant to the probable cause inquiry." (Citations omitted.) Carnahan, 684 F.3d at 735. In the present case, the affidavit in support of the search warrant detailed the efforts undertaken by law enforcement to corroborate Jones' information and the eventual corroboration of some of that information, namely Defendant's address. Law Enforcement confirmed Jones' statement that Defendant "lives somewhere in Squaw Lake" by learning Defendant's precise address in Squaw Lake. (Mem. in Supp., [Docket No. 25], 9). Defendant himself later confirmed the address in Squaw Lake as his residence after he initially denied to law enforcement that he lived at that address. (Id.).

Moreover, the affidavit in the present case states that Jones' statement was Mirandized and recorded, which means that law enforcement took the statement in person. The Eighth Circuit has held that when officers have the opportunity to directly assess an informant's credibility by observing the informant's demeanor as he or she gives the relied-upon information to law enforcement, such assessment is pertinent to a credibility determination. See, United States v. Williams, 477 F.3d 554, 560 (8th Cir. 2007) (finding based upon officer's direct observation of informant as he gave his statement, among other things, that Franks hearing was unnecessary despite omission from search warrant affidavit of the informant's criminal history).

Even in light of Jones' criminal history, a finding of probable cause in the case presently before this Court would also be supported by Defendant's own behavior while interacting with

law enforcement which was also set forth in the affidavit submitted in support of the state court search warrant. As detailed in the affidavit, Defendant first attempted to mislead law enforcement by denying that he lived at his residence:  the "Bear's Den." After Defendant admitted his address was indeed the "Bear's Den," Defendant agreed to meet law enforcement (and his DOC corrections agent) at his residence. However, having been permitted to drive himself, as he neared his home, then Defendant instead fled law enforcement resulting in a high-speed vehicle chase. It is well-established that flight from or an attempt to evade law enforcement are factors which may be considered in a probable cause determination. See, e.g., ( United States v. Parish, 606 F.3d 480, 487 (8th Cir. 2010); United States v. Velazquez-Rivera, 366 F.3d 661, 665 (8th Cir. 2004). Although not precisely identical to the present case, United States v. Datcu, 627 F.3d 1074, 1078 (8th Cir. 2010), is nonetheless instructive.

Datcu involved a warrantless search of an SUV, and the Eighth Circuit considered whether there had been probable cause to believe that evidence of a crime would be found in the SUV. Id. at 1077. On the night of the search, a citizen reported his suspicion that two men were burglarizing night deposit boxes at two banks, and when law enforcement arrived at the banks 2 minutes later, an officer saw two men matching the descriptions given by the caller. Id. at 1078. The officer also saw an SUV (also matching the description given by the caller) "parked in a concealed fashion beside a dumpster near the closed banks." Id. When the officer pulled up in his marked police car, one man got out of the SUV and began walking away; the other man, who was walking toward the SUV, changed direction when he saw the police car. Id. The Eighth Circuit concluded that under the totality of the circumstances, there was probable cause to believe that burglary and theft tools would be found in the vehicle. Id. at 1078-79.

In the case presently before this Court, law enforcement received information (from Jones, who was directly observed while giving the recorded, <u>Mirandized</u> statement) that Defendant was seeking to obtain a firearm and that Defendant lived in the Squaw Lake area. Defendant's address was partially corroborated prior to a personal encounter between Defendant and law enforcement, and Defendant ultimately confirmed his Squaw Lake residence himself, although he tried to mislead law enforcement by denying it at first. Moreover, when Defendant met with law enforcement and they expressed a desire for Defendant to meet them and his DOC corrections agent at his residence, Defendant initially agreed, but as they neared his home, Defendant ultimately fled from police rather than return with them to his residence. This flight, which occurred <u>after</u> Defendant had become aware of the investigation into him and which occurred presumably due to Defendant's reasonably inferred desire to avoid being present for a search of his home, further increases the probability that evidence of a crime (i.e., the presence of guns and/or ammunition) would be found in Defendant's home.

Even if Jones' criminal history had been included in the affidavit in support of the state court search warrant, the affidavit nevertheless provided a substantial basis for the issuing state district court judge to conclude that probable cause existed to search Defendant's home. The material omitted—Jones' criminal history—would not have been clearly critical to the finding of probable cause. Therefore, the court cannot infer that the omission of Jones' criminal history from the affidavit in support of the search warrant was made with a reckless disregard for the truth.

Consequently, Defendant has failed to make a substantial preliminary showing of deliberate falsehood or reckless disregard for the truth such as is required to obtain a <u>Franks</u> hearing.

Accordingly, this Court recommends that Defendant's Motion for Hearing Pursuant to Franks v. Delaware, [Docket No. 24], be **denied.**

## III.    DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED WITH A WARRANT, [Docket No. 22]

Defendant also moves the court for an order suppressing all evidence obtained through execution of the state court search warrant described herein. (Motion, [Docket No. 22]; Mem. in Supp., [Docket No. 36], 2-3). Defendant argues that the affidavit in support of the application for the search warrant was insufficient to provide probable cause upon which to issue the warrant. (Mem. in Supp., [Docket No. 36], 2). Defendant contends that the affidavit did not sufficiently demonstrate Jones' reliability and did not sufficiently demonstrate that Jones' information was independently corroborated by law enforcement. (Id. at 2-3).

### A.  Standard of Review

The Eighth Circuit has held that "[a]n affidavit establishes probable cause for a warrant if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." United States v. Mutschelknaus, 592 F.3d 826, 828 (8th Cir. 2010) (internal quotation marks and citation omitted). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010) (quoting Illinois v. Gates, 462 U.S. 213, 231 (1983)). Courts use a "totality of the circumstances test . . . to determine whether probable cause exists." United States v. Hager, 710 F.3d 830, 836 (8th Cir. 2013) (citation omitted).

The sufficiency of a search warrant affidavit is examined using "common sense and not a hypertechnical approach." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007) (citation and

internal quotations omitted). "In ruling on a motion to suppress, probable cause is determined based on 'the information before the issuing judicial officer.'" United States v. Smith, 581 F.3d 692, 694 (8th Cir. 2009) (quoting United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986)). "Therefore, '[w]hen the [issuing judge] relied solely upon the supporting affidavit to issue the warrant, only that information which is found in the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Wiley, No. 09-cr-239 (JRT/FLN), 2009 WL 5033956, at *2 (D. Minn. Dec. 15, 2009) (Tunheim, J.) (quoting United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005); edits in Wiley).

In addition, the issuing court's "'determination of probable cause should be paid great deference by reviewing courts,'" Gates, 462 U.S. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). "[T]he duty of a reviewing court is simply to ensure that the issuing court] had a 'substantial basis for . . . [concluding]' that probable cause existed." Id. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

## A. Analysis

As set forth above, as part of analyzing and determining a recommended resolution for Defendant's Motion for a Hearing pursuant to Franks v. Delaware, [Docket No. 22], this Court has already considered whether it could infer a reckless disregard for the truth from the omission of Jones' criminal history from the affidavit currently at issue in the present Motions. In order to do so, this Court necessarily considered whether the affidavit, with the inclusion of Jones' criminal history, set forth a sufficient basis for probable cause to issue the warrant. For the reasons already stated, this Court concluded that the affidavit, even if it had included Jones' criminal history, provided a sufficient basis for probable cause to issue the warrant.

The inclusion of Jones' criminal history, if it had any effect on the probable cause determination of the issuing state court district judge, would have undermined Jones' reliability and weakened the probable cause set forth in the affidavit. Therefore, the affidavit, when considered for purposes of the current Motion to Suppress, [Docket No. 22], <u>without</u> Jones' criminal history, cannot set forth <u>less</u> of a basis for finding probable cause than it would have if it had included Jones' criminal history. Because this Court has already concluded that it would not have been impossible to find probable cause based upon the affidavit even if the affidavit had included Jones' criminal history, this Court necessarily concludes that the affidavit (considered without Jones' criminal history) provided a substantial basis on which to conclude that probable cause existed to issue the search warrant at issue in the Motion to Suppress, [Docket No. 22].

As already set forth above, the affidavit in support of the application for the search warrant in the present case contained information that an informant had given information in a recorded, <u>Mirandized</u> statement in the direct presence of law enforcement that Defendant lived in the Squaw Lake area and that Defendant was seeking to obtain a firearm. Law enforcement corroborated that Defendant lived in the area, and they further learned that Defendant had a criminal history (including numerous felony convictions), thus, Defendant was prohibited from possessing firearms; moreover, they learned that Defendant was on felony supervised release at that time. When law enforcement made contact with Defendant to further investigate, Defendant first denied and then admitted he lived at the Squaw Lake address law enforcement had independently discovered for Defendant. After becoming aware that he was the subject of law enforcement's investigation, Defendant agreed to drive himself home to meet there with his DOC corrections agent and other law enforcement officers, but instead, as he neared his residence, he fled from law enforcement, leading them on a high-speed chase.

Based upon the foregoing, the issuing state district court judge had a substantial basis to conclude that there was a reasonable probability that evidence of a crime (unlawful possession of a firearm) could be found at Defendant's home, which was the property described in the affidavit.

In addition, assuming solely for the sake of argument that the affidavit was not sufficient to establish probable cause, the Court concludes that law enforcement relied in good faith on the probable cause determination by the issuing state district court judge when executing the December 28, 2016, warrant and searching the Defendant's property now at issue. See, United States v. Leon, 486 U.S. 897, 922 (1984). "Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007).

Defendant argues that the Leon good-faith exception cannot apply in the present case because it does not apply to cases involving Franks violations. (Mem. in Supp., [Docket No. 25], 5). See, United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir. 1993) ("[U]nder Leon, a Franks violation is not excused."). Defendant similarly argues that in this case, the "judge issuing the warrant was misled by statements made by the affiant that were false or made 'in reckless disregard for the truth,' which is one of the circumstances in which the Leon good-faith exception does not apply. (Mem. in Supp., [Docket No. 25], 5).

The Court disagrees.

As already forth above, there was no Franks violation in the present case, and this Court has already concluded that the issuing state district court judge was not misled by either

deliberate falsehood or reckless disregard for the truth in the affidavit submitted in support of the application for the state court search warrant.

Because the Court finds that the issuing judge had a substantial basis upon which to conclude that probable cause existed for the issuance of the December 28, 2016, search warrant, the Court recommends that Defendant's Motion to Suppress Evidence Obtained with a Warrant, [Docket No. 22], be **denied**.

### III.    CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Defendant's Motion for Hearing Pursuant to <u>Franks v. Delaware</u>, [Docket No. 24], be **DENIED**; and

2.    Defendant's Motion to Suppress Evidence Obtained with a Warrant, [Docket No. 22], be **DENIED**.


Dated: July 6, 2017                                              s/Leo I. Brisbois
                                                                The Honorable Leo I. Brisbois
                                                                United States Magistrate Judge


### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.