# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jaysen Lane Heyer,<br><br>Defendant. | Case No. 17-cr-94 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Deidre Y. Aanstad, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Kevin C. Cornwell, Law Office of Kevin C. Cornwell, 102 South Twenty-Ninth Avenue West, Suite 206, Duluth, Minnesota 55806, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter comes before the Court on Defendant Jaysen Lane Heyer's Objections [Doc. No. 40] to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R"), dated July 6, 2017 [Doc. No. 39]. The magistrate judge recommended that Defendant's motions to suppress evidence [Doc. No. 22] ("Def.'s Mot. to Suppress") and for a *Franks* hearing [Doc. No. 24] ("Def.'s *Franks* Mot.") be denied.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or

modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). For the reasons stated herein, the Court overrules Defendant's objections and adopts the R&R in its entirety.

## II. BACKGROUND

The facts pertinent to this matter have been carefully detailed in the R&R, and will not be repeated in full here. (*See* R&R at 1-3.) Stated briefly, in December 2016, an informant by the name of Thomas Michael Jones told law enforcement officers that members of a street gang known as the "Native Mob" were trying to obtain firearms. (*See* R&R at 1-2.)[1] Of particular relevance here, Jones also stated that Heyer had recently obtained a stolen pistol and a stolen assault rifle. (*See id.* at 2.) Because Heyer was prohibited from possessing firearms due to his criminal history, law enforcement officers began looking for him. That search brought them to Squaw Lake, Minnesota, and a house known as the "Bear Den," where Heyer was said to reside. (*See id.*)

On December 28, 2016, officers located Heyer at a house close to the Bear Den. After some equivocation, Heyer admitted that he lived at the Bear Den and agreed to return there to meet with his Department of Corrections ("DOC") agent and other law enforcement officers. (*See id.*) As Heyer drove toward the Bear Den with officers following, however, he accelerated in an apparent attempt to escape. (*See id.*) Although law enforcement officers attempted to pursue Heyer, they ultimately discontinued pursuit

---

[1] Because Plaintiff does not object to the factual recitation set forth in the R&R, the Court will cite to that document without further citation to the underlying record.

2

due to concern for public safety, and he escaped. (*See id.*) Instead, the officers returned to the Bear Den to await Heyer's return, and to secure a search warrant to search the residence. (*See id.*)

Based upon the affidavit of Investigator Mark Weller, relaying the information set forth above, a Minnesota state district court judge issued a warrant to search the Bear Den for firearms, ammunition, and evidence of residency by Heyer. (*See id.* at 3.) The ensuing search of the residence uncovered firearms, ammunition, methamphetamine, and methamphetamine smoking paraphernalia. (*See id.*) Heyer was subsequently indicted on one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See id.*)

Heyer brought the present motions on May 9, 2017. In his *Franks* motion, Heyer contends that he is entitled to a hearing to test whether material information—namely, that Jones had a lengthy criminal history arguably casting doubt on his propensity for truthfulness—was improperly omitted from Investigator Weller's warrant affidavit. (*See* R&R at 4-5.) Relatedly, Heyer contends in his motion to suppress that there was insufficient probable cause to justify issuance of the Bear Den search warrant. (*See* R&R at 11-13.) Both motions were referred by this Court to the magistrate judge for his consideration. *See* 28 U.S.C. § 636; D. Minn. LR 72.1. Judge Brisbois duly submitted his R&R on July 6, 2017, recommending that both motions be denied. (*See generally* R&R.) Heyer subsequently filed timely objections, triggering this de novo review.

## III. DISCUSSION

### A. Defendant's Motion for a *Franks* Hearing

Heyer requests a *Franks* hearing based upon the omission of specific information about Jones's criminal history from the warrant affidavit. In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." As the magistrate judge properly recognized, this "substantial preliminary showing" requirement is not met lightly, and "requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015). Although reckless disregard for the truth may be inferred from the fact that information was omitted, the inference will lie only where the defendant shows that the "omitted material would be clearly critical to the finding of probable cause." *Id.* at 431 (citation omitted). Here, Heyer challenges the magistrate judge's conclusion that he failed to make a substantial preliminary showing of reckless disregard for the truth. (*See* Obj. at 2-4.)

A review of the R&R shows that Judge Brisbois carefully considered what effect, if any, the omission of Jones's prior criminal history had on the state court's finding of probable cause. (*See* R&R at 6-10.) Among other things, the magistrate judge noted that an omitted criminal history would be unlikely to mislead a judge as to the likelihood of

4

the informant having a checkered past, because plea agreements and other cooperative arrangements are common in the criminal justice system. (*See* R&R at 7.) As Judge Frank noted in *United Sates v. Hadi al Jebory*, No. 07-cr-235(1) (DWF/JSM), 2008 WL 485145, at *18 (D. Minn. Feb. 15, 2008), "reviewing judges are well aware that informants are often motivated in the hopes of obtaining leniency with respect to their own situation [but] that does not necessarily mean they are unreliable." In any event, Judge Brisbois observed that in the Eighth Circuit, omitting the existence of an informant's criminal record does not satisfy the necessary standard to justify a *Franks* hearing when the information provided by the informant is partially corroborated by other evidence, or the informant's general credibility is not significant to the probable cause inquiry. (*See* R&R at 8 (citing *United States v. Carnahan*, 684 F.3d 732, 735 (8th Cir. 2012)).) Here, the magistrate judge concluded that not only was Jones's statement corroborated by information obtained by law enforcement officers (such as that Heyer lived in Squaw Lake), but his credibility was supported by the opportunity those officers had to observe his demeanor while taking his statement. (*See id.*)

Finally, Judge Brisbois concluded that even if Jones's criminal history had been taken into account, Heyer's own actions provided arguably sufficient probable cause to justify the issuance of a warrant. In particular, the magistrate judge highlighted the fact that Heyer initially attempted to mislead law enforcement officers by denying that he lived at the Bear Den, and, most critically, that he attempted to flee as they neared the residence. (*See id.* at 9.) It is well established, and Judge Brisbois so noted, that flight from law enforcement is a relevant factor in any probable cause determination. *See, e.g.*,

5

*United States v. Datcu*, 627 F.3d 1074, 1078 (8th Cir. 2010); *United States v. Parish*, 606 F.3d 480, 487 (8th Cir. 2010); *United States v. Velazquez-Rivera*, 366 F.3d 661, 665 (8th Cir. 2004). Taken as a whole, the magistrate judge concluded that the omission of Jones's criminal history from the warrant affidavit was not critical to the probable cause analysis.

The Court agrees. While it is true that Jones's criminal history reflected a penchant for untruthfulness, officers at the scene had the opportunity not only to evaluate his demeanor and apparent credibility, but to test that credibility through independent corroboration of information he provided. As Heyer's own conduct tended to demonstrate, Jones's story "checked out." More immediately, the combination of independently corroborated information and Heyer's flight from police were sufficient to support a finding of probable cause. Under these circumstances, the magistrate judge did not err in concluding that Heyer has failed to make the requisite substantial preliminary showing that the omitted information was clearly critical to the finding of probable cause, and thus Heyer's *Franks* motion should be denied.

### B. Defendant's Motion to Suppress Evidence

Heyer next argues that the magistrate judge erred in finding that probable cause existed to support the search of the Bear Den. In particular, he contends that the warrant was based solely on the information provided by Jones, and that the affidavit contained a lack of specificity with regard to Jones's knowledge, reliability, and veracity. (*See* Obj. at 4-5.)

Probable cause to issue a search warrant exists if the affidavit in support "sets

6

forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (citation omitted). Courts use a "totality of the circumstances test . . . to determine whether probable cause exists," *United States v. Hager*, 710 F.3d 830, 836 (8th Cir. 2013) (citation omitted), and the sufficiency of the warrant affidavit is considered using "common sense and not a hypertechnical approach." *Grant*, 490 F.3d at 632. Furthermore, the issuing court's "determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

As part of the analysis of the *Franks* motion, considered in Part III.A, this Court necessarily considered whether the affidavit—even with inclusion of Jones's criminal history—would have been sufficient to support a finding of probable cause. It concluded that it would. As Judge Brisbois properly noted, if the affidavit *with* Jones's criminal history would have been sufficient to support such a finding, the affidavit *without* that history certainly would have sufficed. (*See* R&R at 13.) Accordingly, the Court need not proceed further in concluding that the magistrate judge did not err in finding sufficient facts to support a determination that there was a "fair probability" of finding contraband or evidence of a crime at the Bear Den.

For the sake of completeness, however, the Court further agrees with Judge Brisbois that even if the affidavit had not been sufficient to establish probable cause, law enforcement officers relied in good faith on the probable cause determination by the issuing state court judge when executing the warrant and searching Heyer's residence.

*See United States v. Leon*, 486 U.S. 897, 922 (1984). "Under the *Leon* good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was a probable cause to issue the warrant." *Grant*, 490 F.3d at 632. Although Heyer argues that the *Leon* good faith exception cannot be applied in cases involving a *Franks* violation, that argument is without merit because this Court finds—as Judge Brisbois did—that there was no *Franks* violation. Accordingly, even if the warrant affidavit had been insufficient to establish probable cause, the disputed evidence is still admissible because the officers executing the warrant acted in good faith. *See id.*

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Magistrate Judge's July 6, 2017 Report and Recommendation [Doc. No. 40] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 39];

3. Defendant's Motion for *Franks* Hearing [Doc. No. 24] is **DENIED**; and

4. Defendant's Motion to Suppress Evidence [Doc. No. 22] is **DENIED**.

Dated: August 14, 2017                                          s/Susan Richard Nelson
                                                                                               SUSAN RICHARD NELSON
                                                                                               United States District Judge